IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WARREN WAI HUNG CHIU, et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00116-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.　　INTRODUCTION

The Court considers this matter under 28 U.S.C. § 636(c).  (Docket Nos. 24-25; 32.)  Plaintiff is R. Wayne Klein, the court-appointed receiver for several entities.  Defendants are: (1) Warren Wai Hung Chiu; (2) Winnie Chiu; (3) Stephen Chiu; (4) Jennifer Chiu; and (5) Pacificwin Investments.

The Court considers Plaintiff's motion to compel discovery, to extend the fact discovery deadline, and for sanctions.  (Dkt. No. 32.)  For the reasons below, the Court **GRANTS** in part and **DENIES** in part the motion.

## II.　　STANDARD OF REVIEW FOR MOTION TO COMPEL

If a party fails to provide discovery, the party requesting it may move to compel the discovery.  Fed. R. Civ. P. 37(a)(3)(B).

### III.  PLAINTIFF'S MOTION TO COMPEL

On January 2, 2013, Plaintiff served Defendants requests for admission ("RFAs"), requests for production ("RFPs"), and interrogatories.  (Dkt. 32-1, Ex. A.)  Defendants failed to respond.  (Dkt. No. 32 at 1.)  Plaintiff's counsel met and conferred with Defendants' counsel to no avail.  (Dkt. No. 32-1, Exs. B-D.)

On March 22, 2013, Plaintiff filed this motion to compel.  (Dkt. No. 32.)   Defendants have not responded to Plaintiff's motion.  See DUCivR 7-1(b)(3)(B) (instructing parties served with motions to file oppositions within fourteen days); Id. 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.")  Because Defendants failed to explain their noncompliance, the Court **GRANTS** Plaintiff's motion to compel discovery, as described below.  (Dkt. No. 32.)

### IV.  STANDARD OF REVIEW FOR MOTION FOR SANCTIONS

If a court grants a motion to compel, it "must" require the party whose conduct necessitated the motion, the attorney advising the conduct, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  Similarly, a court "may, on motion, order sanctions if" a party fails to respond to interrogatories or RFPs.  Id. 37(d)(1)(A)(ii).[1]  "Instead of or in addition to these sanctions, the court must require" the opposing party, attorney, or both, to pay the movant's reasonable expenses caused by the failure to respond.  Id. 37(d)(3).  However, the court should not order reasonable expenses if the opposing party's failure was "substantially justified," or "other circumstances make an award of expenses unjust."  Id. 37(a)(5)(A)(ii)-(iii), 37(d)(3).

---

[1] Such sanctions "may include" those listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 37(d)(3).

Under Fed. R. Civ. P. 37(a)(5)(A), and 37(d)(3), Plaintiff moves for the reasonable expenses he incurred by filing this motion. (Dkt. No. 32 at 2.) However, the Court finds other circumstances make such an award unjust. The communications between Plaintiff's counsel and Defendants' counsel show that Defendants' counsel struggled to contact Defendants about this discovery dispute. (Dkt. No. 32-1, Ex. C.) Defendants' counsel also indicated he must withdraw because his new employer prohibits him from representing outside clients like Defendants. (Id.) Nonetheless, if Defendants fail to comply with this order, the Court will entertain another motion for sanctions under Fed. R. Civ. P. 37(b)(2)(A).[2]

## V.   ORDERS

For the reasons above, the Court issues the following **ORDERS**:

The Court **GRANTS** Plaintiff's motion to compel discovery. (Dkt. No. 32.)

Under Fed. R. Civ. P. 36(a)(3),[3] the matters addressed in Plaintiff's January 2, 2013 requests for admission are conclusively established and admitted.

By **May 3, 2013**, Defendants must respond to Plaintiff's January 2, 2013 requests for production, and interrogatories.

The Court extends Plaintiff's fact discovery deadline,[4] and all corresponding deadlines, for **sixty (60) days** after Defendants provide the aforementioned responses.

Within **fourteen (14) days** after receiving Defendants' aforementioned responses, Plaintiff must submit a proposed amended scheduling order to the Court.

---

[2] The Court cautions Defendants that such sanctions may include "rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A)(vi).

[3] Fed. R. Civ. P. 36(a)(3) instructs that "[a] matter is admitted unless, within 30 days after being served [a request for admission], the party to whom the request is directed serves . . . a written answer or objection . . . ."

[4] The current fact discovery deadline, April 18, 2013, expired yesterday. (Dkt. No. 30.)

Under Fed. R. Civ. P. 37(a)(5)(A) and Fed. R. Civ. P. 37(d)(3), the Court **DENIES** Plaintiff's motion for sanctions. (Dkt. No. 32.)

Dated this 19th day of April, 2013.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge