IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN,<br>*Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the Assets of Robert J. Andres and Robert L. Holloway*<br><br>Plaintiff,<br><br>v.<br><br>WARREN WAI HUNG CHIU, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00116-DBP<br><br>Magistrate Judge Dustin B. Pead |

I.   INTRODUCTION

The Court considers this matter under 28 U.S.C. § 636(c).  (Docket Nos. 24-25.)  Plaintiff is R. Wayne Klein, the Court appointed receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway.  Defendants are the following: (1) Warren Wai Hung Chiu, (2) Winnie Chiu, (3) Stephen Chiu, (4) Jennifer Chiu, and (5) Pacificwin Investments.

The Court considers the following motions: (1) Defendants' Jennifer and Stephen Chius' motion to withdraw their responses to Plaintiffs' requests for admissions (RFAs) and to amend such responses (Dkt. No. 38); (2) Plaintiff's motion for entry of judgment against Defendants Warren Wai Hung Chiu and Winnie Chiu (Dkt. No. 42); and (3) Plaintiff's motion for sanctions

against Defendant Pacificwin Investments (Dkt. No. 43).  For the reasons described below, the Court **GRANTS** the motions.

## II.   DEFENDANTS' STEPHEN AND JENNIFER CHIUS' MOTION TO WITHDRAW RESPONSES TO RFAs, AND TO AMEND SUCH RESPONSES

On January 2, 2013, Plaintiff served RFAs on Defendants Stephen and Jennifer Chiu.  (Dkt. No. 38-2, Ex. B.)  Defendants failed to respond.  Therefore, on April 19, 2013, this Court granted Plaintiff's motion to compel regarding the RFAs.  (Dkt. No. 34.)  Under Fed. R. Civ. P. 36(a)(3), the Court deemed the matters addressed in Plaintiff's RFAs admitted.  (*Id.* at 3.)  Thereafter, Defendants filed this motion to withdraw the matters deemed admitted and to amend their RFA responses.  (Dkt. No. 38.)  Plaintiff does not oppose Defendants' motion.  (Dkt. No. 40.)  As such, the Court **GRANTS** it.

## III.   PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENTS AGAINST DEFENDANTS WARREN WAI HUNG CHIU AND WINNIE CHIU

On January 2, 2013, Plaintiff served Defendants Warren Wai Hung Chiu and Winnie Chiu interrogatories and document production requests (RFPs).  (Dkt. No. 45-1, Ex. 1.)  Defendants failed to respond.  Therefore, on April 19, 2013, this Court granted Plaintiff's motion to compel responses from Defendants.  (Dkt. No. 34.)  The Court ordered Defendants to respond by May 3, 2013.  (*Id.* at 3.)

On June 11, 2013, the Court granted the parties' stipulated motion to extend Defendants' response deadline to June 14, 2013.  (Dkt. No. 37.)  Plaintiff stipulated to the extension because Defendants completed notarized consent judgments and agreed that Plaintiff could file these judgments with the Court if Defendants failed to respond by June 14, 2013.  (Dkt. No. 36 at 2.)  The Court's order reflects this agreement.  (Dkt. No. 37 at 2.)

On June 14, 2013, Defendants provided their supposed interrogatory and RFP responses to Plaintiff. (Dkt. No. 39.) Plaintiff finds the responses inadequate and moves the Court to enter the consent judgments against Defendants. (Dkt. No. 42.) Defendants oppose Plaintiff's motion because they argue they timely, "adequately[,] and truthfully responded to Plaintiff's" interrogatories and RFPs. (Dkt. No. 44 at 1.)

The Court agrees with Plaintiff that Defendants' responses fail to substantively address the discovery requests. (Dkt. No. 42 at 3-5.) Instead, Defendants' responses constitute little more than a request for more time to respond. (*See* Dkt. No. 39 at 3-5.) For example, the responses to twenty of the twenty-one interrogatories and to all fifteen RFPs declare that Defendant Warren Wai Hung Chiu needs to review documents before he can supplement the responses on a "future date." (*Id.*) To date, Defendants have failed to supplement these responses. (Dkt. No. 45 at 6).

Defendants try to justify their patently deficient responses by claiming that on the June 14, 2013 response deadline, they "were not in possession of any responsive documents nor were they aware that any responsive documents existed." (Dkt. No. 44 at 2.) However, the Court finds this excuse inadequate. Defendants failed to support this claim about non-existent documents with an affidavit. Moreover, Defendants could have substantively responded to several discovery requests without reviewing allegedly non-existent documents. For instance, Defendants could have partially responded to RFP Nos. 4 through 9 (Dkt. No. 45-1, Ex. 1 at 14) by obtaining copies of their bank records from their bank (Dkt. No. 45 at 5). Along the same lines, interrogatory Nos. 14 and 15 merely ask Defendants to explain their defenses and to identify witnesses. (Dkt. No. 45-1, Ex. 1 at 13.)

In sum, ten months after Plaintiff served discovery requests, Defendants have neither provided substantive responses nor adequately justified their failure to do so. Their failure to

fulfill their discovery obligations especially troubles the Court because the Court compelled Defendants to respond under threat of sanction (Dkt. No. 34 at 3 n.2), and Defendants themselves agreed to allow the Court to enter consent judgments against them if they failed to respond. Accordingly, the Court **GRANTS** Plaintiff's motion to enter consent judgments against Defendants Warren Wai Hung Chiu and Winnie Chiu. (Dkt. No. 42.)

## IV. PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT PACIFICWIN INVESTMENTS

On January 2, 2013, Plaintiff served Defendant Pacificwin Investments discovery requests. Defendant failed to respond. Therefore, on April 19, 2013, this Court granted Plaintiff's motion to compel responses from Defendant. (Dkt. No. 34.) The Court ordered Defendant to respond by May 3, 2013. (*Id.* at 3.) The Court warned Defendant that if it failed to comply, the Court would consider a motion for sanctions, including default judgment. (*Id.* at 3 n.2.)

To date, Defendant has failed to provide discovery responses. (Dkt. No. 43 at 2.) As such, Plaintiff moves for sanctions in the form of default judgment. (Dkt. No. 43.) *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (stating that if a party fails to obey a court order to provide discovery, a court may sanction the party by rendering a default judgment against it). Plaintiff requests judgment "in the amount of $164,000.00, plus interest at the statutory rate, plus [Plaintiff's] costs incurred in bringing this lawsuit." (Dkt. No. 43 at 2.) Plaintiff's complaint and sworn declaration support the amount he seeks. (Dkt. Nos. 2 ¶ 57; 43-1 ¶¶ 6-8.)

Defendant has not responded to Plaintiff's motion for sanctions to justify its failure to provide discovery responses, and the time to respond has expired. *See* DUCivR 7-1(b)(3)(B) (noting a party must respond to a motion within fourteen days after being served with the motion). Due to Defendant Pacificwin Investments' failure to respond to Plaintiff's discovery

requests and motions, the Court **GRANTS** Plaintiff's motion for sanctions in the form of default judgment. (Dkt. No. 43.)

**V.     ORDERS**

For the reasons set forth above, the Court issues the following **ORDERS**:

The Court **GRANTS** Defendant Stephen Chiu's and Defendant Jennifer Chiu's motion to withdraw the matters deemed admitted in Plaintiff's RFAs. (Dkt. No. 38.) Defendants Stephen Chiu and Jennifer Chiu must serve amended RFA responses by **December 2, 2013**.

The Court **GRANTS** Plaintiff's motion to enter consent judgments against Defendant Warren Wai Hung Chiu and Defendant Winnie Chiu. (Dkt. No. 42.) The Court instructs Plaintiff to file such consent judgments with the Court by **December 2, 2013**.[1] When the Court receives the consent judgments, it will sign them and instruct the Clerk of Court to enter the consent judgments on the record.

Under Fed. R. Civ. P. 37(b)(2)(A)(vi), the Court **GRANTS** Plaintiff's motion for sanctions in the form of default judgment against Defendant Pacificwin Investments. (Dkt. No. 43.) Accordingly, the Court **ENTERS** default judgment in favor of Plaintiff R. Wayne Klein against Defendant Pacificwin Investments in the amount of **$164,000.00** plus pre- and post-judgment interest at the statutory rate until the judgment is satisfied, plus Plaintiff's costs incurred in bringing the lawsuit.

Dated this 18th day of November, 2013.      By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[1] The Court recognizes that Plaintiff attached copies of the consent judgments to his motion. (Dkt. No. 42-1, Ex. 1.) However, these copies bear an exhibit number stamp.